1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

JIM NAVARRO,                              )   Case No. CV 20-2770-JAK (SP)
                          Plaintiff,      )
                                          )
            v.                            )   MEMORANDUM AND ORDER
                                          )   SUMMARILY DISMISSING ACTION
ROBERT WILKIE, et al.,                    )
                          Defendants.     )
                                          )
                                          )
                                          )

        On March 25, 2020, plaintiff Jim Navarro filed a complaint naming four

defendants: Robert Wilkie, the Secretary of Veterans Affairs; Andrew Saul, the

Commissioner of the Social Security Administration; the United States Department

of the Treasury; and Michael Baxter, the Chief Executive Officer of Parkview

Medical Center in Pueblo, Colorado.  Plaintiff does not actually articulate a civil

legal claim.  Instead, he complains that defendants have not responded to his

letters, they have criminally conspired against him to deny him disability benefits,

and they now want to wrongfully charge him for medical treatment he received at

the Veterans Affairs clinic.

        The crux of plaintiff's complaint appears to be that he has been denied social

security and veterans disability benefits.  Pursuant to 42 U.S.C. § 405(g), any

action seeking a review of a final decision of the Commissioner of Social Security "shall be brought in the district court of the United States for the judicial district in which the plaintiff resides, or has his principal place of business, or, if he does not reside or have his principal place of business within any such judicial district, in the United States District Court for the District of Columbia." Pursuant to 28 U.S.C. § 1391(b), venue over civil actions generally lies only in: (1) a judicial district where any defendant resides, if all defendants reside in the same State; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated; or (3) a judicial district in which any defendant may be found if there is no district in which the action may otherwise be brought.

The complaint here, including its attachments, reflects that plaintiff at one point lived in Pueblo, Colorado, and now resides in North Las Vegas, Nevada. The complaint thus indicates plaintiff resides in the District of Nevada. *See* 28 U.S.C. § 108 ("Nevada constitutes one judicial district."). There is also some indication that some of what plaintiff complains about may have occurred in Pueblo, Colorado, in the District of Colorado. *See* 28 U.S.C. § 85 ("Colorado constitutes one judicial district."). Between plaintiff, defendants, and the claims asserted, there appears to be no connection to the Central District of California.

Accordingly, it appears that venue would be proper in the District of Nevada based on plaintiff's stated residence, and possibly also in the District of Colorado. There is no apparent basis for venue in the Central District of California. Pursuant to 28 U.S.C. § 1406(a), if venue does not properly lie in this District, then the court must either dismiss the action, or if it be in the interest of justice, transfer the action to the proper district.

Here, the interest of justice does not favor transfer, because the complaint fails to comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  A complaint must allege a minimum factual and legal basis for each claim that is sufficient to give each defendant fair notice of what plaintiff's claims are and the grounds upon which they rest. *See Brazil v. U.S. Dep't of Navy*, 66 F.3d 193, 199 (9th Cir. 1995); *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).  A complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).

Plaintiff here does not allege any facts to support his grievances; he just vaguely references unfair acts against him receiving disability benefits, and being charged for an unspecified injury that occurred at his doctor's office.  The only legal basis for a claim he identifies is 18 U.S.C. § 371, the statute for a criminal conspiracy charge.  Even if plaintiff did allege facts to support a conspiracy claim, "a private party may not enforce criminal statutes through a civil action." *Florence v. Buchmeyer*, 500 F. Supp. 2d 618, 635 (N.D. Tex. 2007) (citing *United States v. Nixon*, 418 U.S. 683, 693, 94 S. Ct. 3090, 41 L. Ed. 2d 1039 (1974)).  "Only a prosecutor can file criminal charges against a citizen . . . ." *Jones v. Harris*, 665 F. Supp. 2d 384, 404 (S.D.N.Y. 2009).  "The presence of a criminal statute neither creates nor implies a corresponding private right of action." *Kunzer v. Magill*, 667 F. Supp. 2d 1058, 1061 (D. Minn. 2009) (citing *U.S. v. Wadena*, 152 F.3d 831, 845-46 (8th Cir. 1998)).

Because venue does not properly lie in this District and plaintiff fails to state a claim or any basis for a claim, summary dismissal of the complaint and this action is warranted.

     IT IS THEREFORE ORDERED that Judgment be entered summarily dismissing the complaint and this action without prejudice.

DATED: April 20, 2020

_____

JOHN A. KRONSTADT
UNITED STATES DISTRICT JUDGE

Presented by:

_____

SHERI PYM
UNITED STATES MAGISTRATE JUDGE

4